IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CARLOS PAUL GONZALEZ. | § | |
| Reg. No. 82609-179, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-15-CV-402-FM |
| | § | |
| J.S. WILLIS, Warden, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Carlos Paul Gonzalez's *pro se* petition under 28 U.S.C. § 2241 for a writ of habeas corpus. In his petition, Gonzalez, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] challenges his guilty-plea conviction for conspiring to commit mail and wire fraud. Gonzalez claims the indictment violates the Ex Post Facto Clause and he asks the Court to order his immediate release from prison. After reviewing the record and for the reasons discussed below, the Court will *sua sponte* dismiss the petition, pursuant to 28 U.S.C. § 2243.[2]

## BACKGROUND AND PROCEDURAL HISTORY

According to court records maintained in case number 4:08-CR-76-H in the United States District Court for the Southern District of Texas, Gonzalez and multiple co-conspirators operated a

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas, El Paso Division. 28 U.S.C. § 124(d)(3) (2012).

[2] 28 U.S.C. § 2243 (2012) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

1

mortgage fraud scheme in southeast Texas between January of 2002 and November of 2005. The conspirators recruited individuals with high credit scores to apply for mortgage loans for the purchase of residential property in the Houston area. The conspirators told the borrowers they did not need to invest any money; they only wanted to use their good credit to purchase the homes. They promised the borrowers a monetary payment at the time of closing. The conspirators also assured the borrowers they would pay the mortgage notes, preferably with rental income, until they could resell the houses at a profit.

The conspirators prepared loan applications for the borrowers and forward them to lenders through the mail, commercial interstate carriers, and facsimile machines. The loan applications contained material misrepresentations concerning the borrowers' true income, indebtedness, and intent to live in the houses. They also claimed inflated values for the homes. The conspirators pocketed the difference between the actual sales price and the amount received from the lenders. The conspirators did not, however, repay the fraudulently-induced loans, and the lenders eventually foreclosed on the properties.

A grand jury sitting in the Southern District of Texas, Houston Division, returned an nine-count indictment charging Gonzales with one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1349, 1341 and 1343, and four counts of mail fraud, and four counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. Gonzalez pled guilty to the conspiracy count pursuant to a written plea agreement containing appellate waivers. The Court sentenced Gonzalez to 135 months' imprisonment followed by three years' supervised release. The Court also ordered Gonzalez to pay $3,551,528.79 in restitution. Gonzalez did not appeal.

The Court denied Gonzalez's motion to vacate, set aside, or correct a sentence under 28

U.S.C. § 2255, and a subsequent motion for relief from the judgment. The Court reasoned Gonzalez waived his right to collaterally attack his sentence in the plea agreement.

An appeal of the denial of Gonzalez's § 2255 motion is currently pending before the Court of Appeals for the Fifth Circuit.[3]

In his instant petition, Gonzalez maintains the indictment in his criminal case is defective. He explains "Count I of the Indictment alleges a violation of 18 U.S.C. § 1349" based on a "Conspiracy which was entered into prior to January 22nd, 2002."[4] He notes — correctly — that § 1349 did not become law until more than six months later, on July 30, 2002.[5] He argues "[t]he Ex Post Facto-Misapplication and Enforcement of 18 USCS § 1349 Conspiracy (i.e. COUNT I) was accomplished without SUBJECT-MATTER-JURISDICTION."[6] Gonzalez asks the Court to order his immediate release.[7]

Gonzalez has a similar motion pending in the Southern District of Texas.[8]

## LEGAL STANDARD

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its

---

[3] *United States v. Gonzalez*, No. 15020242 (filed Apr. 27, 2015).

[4] Pet'r's Pet. 1, ECF No 1-1.

[5] *Id.* at 2 (citing 18 U.S.C. § 1349 (added Pub.L. 107-204, Title IX, § 902(a), July 30, 2002, 116 Stat. 805)).

[6] *Id.* at 6.

[7] *Id.*

[8] Mot. for Immediate Release, Oct. 13, 2015, ECF No. 259, *United States v. Gonzalez*, 4:08-CR-76-H (S.D. Tex.).

duration."[9]  To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[10]  A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[11]  By contrast, a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 " 'provides the primary means of collateral attack on a federal sentence.' "[12]  Thus, relief under § 2255 is warranted for errors that occurred at trial or sentencing.[13]  A § 2255 petitioner may only bring his motion in the district of conviction and sentence.[14]

Section 2255 does contain a "savings clause" which acts as a limited exception to these general rules.  It provides that a court may entertain a petition for writ of habeas corpus challenging a federal criminal conviction if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a prisoner's detention.[15]

---

[9] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[10] 28 U.S.C. § 2241(c)(3) (2012).

[11] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[12] *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[13] *See Cox*, 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

[14] *Pack*, 218 F.3d at 452.

[15] *See* 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

Furthermore, a petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[16]

A petitioner must prove both prongs to successfully invoke the "savings clause."[17] Thus, § 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective.[18]

With these principles in mind, the Court turns to Gonzalez's claims.

## ANALYSIS

In his petition, Gonzalez first challenges his guilty-plea conviction for conspiring to commit mail and wire fraud by attacking the validity of the indictment. Clearly, this claim relates to alleged errors which occurred before his sentencing and not to the manner in which his sentence is being executed. As discussed above, a § 2255 motion, not a § 2241 petition, "provides the primary means of collateral attack on a federal sentence."[19] A petitioner may

---

entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.") (emphasis added).

[16] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[17] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

[18] *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

[19] *Pack*, 218 F.3d at 451 (quoting *Cox*, 911 F.2d at 1113).

prevail with an attack on the validity of a conviction and sentence in a § 2241 petition only if he can meet both prongs of the stringent test for the § 2255(e) "savings clause."[20]

The first prong of the test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law."[21] To meet the first prong, a petitioner must rely on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense.[22]

Gonzalez fails to provide any support which satisfies the first requirement. Specifically, he has not identified a retroactively applicable Supreme Court decision which supports his claim.

Furthermore, Gonzalez misstates the facts. The indictment clearly alleges the conspiracy occurred "from in or about January 2002 and continuing through, on or about November 1, 2005 …"[23] The indictment identifies overt acts which occurred between November 5, 2002, and April 1, 2004.[24] Thus, the indictment alleges a conspiracy which continued well after 18 U.S.C. § 1349 become law on July 30, 2002.

Moreover, circuit law did not preclude Gonzalez from asserting his claim at the time of his trial or § 2255 motion.[25] In fact, an appeal of the Court's denial of Gonzalez's § 2255 motion is

---

[20] *Kinder*, 222 F.3d at 212.

[21] *Reyes-Requena*, 243 F.3d at 903.

[22] *Id.* at 904.

[23] Indictment 3, ECF No. 1, *United States v. Gonzalez*, 4:08-CR-76-H (S.D. Tex. filed Feb. 21, 2008).

24 *Id* at 8-19.

[25] *Reyes-Requena*, 243 F.3d at 904.

6

still pending before the Fifth Circuit.[26]   Thus, Gonzalez cannot show that § 2255 is inadequate to challenge his detention.

## CONCLUSION AND ORDERS

Therefore, since Gonzalez's claim does not meet the stringent requirements of the "savings clause," the Court will not allow him to proceed with a claim pursuant to § 2241.   The Court will, therefore, dismiss Gonzalez's petition as frivolous, and to the extent that Gonzalez's petition may be construed as a successive § 2255 motion, the Court will dismiss his petition with prejudice for lack of jurisdiction.[27]   Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Gonzalez's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this __29__ day of January 2016.

*[signature]*<br>
**FRANK MONTALVO**<br>
**UNITED STATES DISTRICT JUDGE**

---

[26] *United States v. Gonzalez*, No. 15020242 (filed Apr. 27, 2015).

[27] *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).